Matter of Lebowitz v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2023 NY Slip Op 05319)

Matter of Lebowitz v Board of Educ. of the City Sch. Dist. of the City of N.Y.

2023 NY Slip Op 05319

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 154876/22 Appeal No. 821 Case No. 2022-04896 

[*1]In the Matter of Elizabeth Lebowitz, Petitioner-Appellant,
v
The Board of Education of the City School District of the City of New York et al., Respondents-Respondents.

Law Office of Jimmy Wagner, Brooklyn (Jimmy Wagner of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chloe K. Moon of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Laurence L. Love, J.), entered October 11, 2022, denying the petition to annul a determination of the City of New York Reasonable Accommodation Appeals Panel (the Citywide Panel), dated February 15, 2022, which denied petitioner's request for a religious exemption from the COVID-19 vaccination requirement for employees of the New York City Department of Education (DOE), granting respondents Board of Education of the City School District of the City of New York and Community School District 18 of the Board of Education of the City of New York's cross-motion to dismiss the petition, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The denial of petitioner's request for a religious exemption and reasonable accommodations for her job as a school teacher was not arbitrary and capricious (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). The DOE's Position Statement explained that allowing petitioner to teach remotely, while the DOE was resuming in-person instruction, would impose an undue hardship on the agency. The DOE elaborated that accommodating petitioner would result in petitioner's inability to perform her essential functions as a schoolteacher. Moreover, given that more than 3,300 DOE employees had requested religious exemptions, granting an exemption to the employees would impose on the DOE significant costs and operational difficulties associated with creating alternative assignments for the exempted employees, and retaining and hiring additional staff to perform the exempted employees' essential job functions (see Administrative Code of City of NY § 8-107[3][b]). Thus, there was a rational basis for the denial of petitioner's request.
That the Position Statement was unsigned and undated hearsay is of no immaterial as "[h]earsay evidence can be the basis for an administrative determination" (Matter of Gray v Adduci, 73 NY2d 741, 742 [1988]; see also Matter of Church of Scientology of N.Y. v Tax Commn. of City of N.Y., 120 AD2d 376, 379 [1st Dept 1986], appeal dismissed 68 NY2d 807 [1986], lv dismissed 69 NY2d 659 [1986]). Contrary to petitioner's contention, this Court need not limit our review to the language in the Citywide Panel's decision, as the Panel noted that it had reviewed the DOE's determination as well as the documentation submitted to the agency, and that it based its decision on that review (see Matter of Marsteller v City of New York, 217 AD3d 543, 544 [1st Dept 2023]). Petitioner's contention that the DOE failed to engage in a
cooperative dialogue is unavailing (see id. at 545; see also Administrative Code of City of NY § 8-107[28][a]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: October 19, 2023