Matter of Lynch v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2023 NY Slip Op 05688)

Matter of Lynch v Board of Educ. of the City Sch. Dist. of the City of N.Y.

2023 NY Slip Op 05688

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Index No. 156145/22 Appeal No. 1006 Case No. 2023-01252 

[*1]In the Matter of Tina Lynch, Petitioner-Appellant,
v
The Board of Education of the City School District of the City of New York et al., Respondents-Respondents.

Jimmy Wagner, Brooklyn, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for City respondents.
Office of Robert T. Reilly, New York (Keith J. Gross of counsel), for United Federation of Techers, respondent.

Order and judgment (one paper), Supreme Court, New York County (David B. Cohen, J.), entered January 27, 2023, which denied the petition to annul the March 28, 2022 determination of the City of New York Reasonable Accommodation Appeals Panel (Citywide Panel) denying petitioner's request for a reasonable accommodation from respondent school district's (DOE) COVID-19 vaccine mandate, denied petitioner's motion for limited discovery, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The Citywide Panel's finding — that the DOE demonstrated that granting petitioner an accommodation of masking, testing, and social distancing, or alternatively teaching remotely, when the DOE was returning to in-person instruction, would impose an undue hardship — was not arbitrary and capricious or made in violation of lawful proceedure (CPLR 7803[3]; see Matter of Lebowitz v Board of Educ. of City of New York, AD3d , 2023 NY Slip Op 05319 [1st Dept 2023]; Matter of Hogue v Board of Educ. of City of New York, AD3d , 2023 NY Slip Op 04927 [1st Dept 2023];
see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). "[W]e need not limit our review to the language in the Citywide Panel's decision, as the Panel noted that it had 'carefully reviewed [the DOE's] determination' as well as 'all of the documentation submitted to the agency,' and that it had based its decision on that review" (Matter of Marsteller v City of New York, 217 AD3d 543, 544 [1st Dept 2023]). The DOE's Position Statement explained in detail why granting the accommodation would create an undue hardship for the DOE, in conformity with the factors listed in the New York City Human Rights Law (City HRL) including "identifiable cost of the accommodation" due to, among other things, "retaining or hiring employees or transferring employees . . . in relation to the size and operating cost of the employer," and "[t]he number of individuals who will need the particular accommodation" (Administrative Code of City of NY § 8-107[3][b]).
That the Position Statement was unsigned and undated, or amounted to hearsay, is of no moment, as "[h]earsay evidence can be the basis for an administrative determination" (Matter of Gray v Adduci, 73 NY2d 741, 742 [1988]; see also Matter of Church of Scientology of N.Y. v Tax Commn. of City of N.Y., 120 AD2d 376, 379 [1st Dept 1986], appeal dismissed 68 NY2d 807 [1986]). Regardless, "[t]he affirmation of Eric J. Eichenholtz, Chief Assistant Corporation Counsel for Employment Policy and Litigation, who served as a final reviewer for Citywide Panel determinations," was appropriately considered by Supreme Court, since "there was no administrative hearing" and the affirmation "explain[ed] the information that was before the agency," including that the DOE Position Statement was submitted to the Citywide Panel and was relied upon [*2]for the final appeal determination (Matter of Marsteller, 217 AD3d 543, 544).
"Petitioner has also not established that the City's process for resolving requests for accommodations to the vaccine mandate fell short of the requirements of the" City HRL regarding cooperative dialogue (Matter of Marsteller, 217 AD3d at 545; see Administrative Code of City of NY § 8-107[28][a]). DOE employees were informed how to apply for religious accommodations and appeal denials, petitioner "availed h[er]self of this process, the [DOE] explained why h[er] application did not qualify for an accommodation, . . . the parties further engaged in the administrative appeals process," and the DOE "submitted evidence" that it received over 3,300 religious accommodation requests that needed to be "resolve[d] under a constrained timeline during an evolving public health emergency" (Matter of Marsteller, 217 AD3d at 545; compare Hosking v Memorial Sloan-Kettering Cancer Ctr., 186 AD3d 58, 65 [1st Dept 2020]). As such, petitioner "has not established that, under these circumstances, the City HRL required a more robust or individualized dialogue than the process [s]he received" (Matter of Marsteller, 217 AD3d at 545).
Supreme Court properly denied petitioner's motion seeking leave for limited discovery in this special proceeding, for her failure to show "ample need" or "unusual circumstances" (Matter of People v Northern Leasing Sys., Inc., 193 AD3d 67, 74 [1st Dept 2021] [internal quotation marks omitted], lv dismissed 37 NY3d 1088 [2021]; see CPLR 408).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023